IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-15-BO

| | | |
|---|---|---|
| REINALDO OLAVARRIA | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LORI CHRISTIAN | ) | |
|     Defendant. | ) | |

This cause comes before the Court on plaintiff's motion for preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff, who is proceeding *pro se*, filed this action on January 8, 2014, alleging claims for violations of his civil rights under the United States Constitution. Plaintiff alleges that defendant, a district court judge in Wake County, North Carolina, entered a temporary order in March 2013 which substantially impairs his rights. In his motion for preliminary injunction, plaintiff seeks an order barring Judge Christian from presiding over any district court matters involving plaintiff, as well as specific remedies regarding plaintiff and his minor children.

## DISCUSSION

At the outset, the Court finds that service of the complaint in this matter fails to comply with Rule 4 of the Federal Rules of Civil Procedure. Rule 4(c) requires that the summons and complaint must be served in order to effect proper service, and service is only proper where duly issued summons and a properly filed complaint are served. *J.O. Alvarez, Inc. v. Rainbow Textiles, Inc.*, 168 F.R.D. 201, 202 (S.D.Tx. 1996). Plaintiff's proof of service of the complaint reflects that service was personally effected by a process server on January 6, 2014. As noted

above, the complaint in this action was filed on January 8, 2014, and summons were issued the same day. Thus, it appears that Judge Christian was served prior to the issuance of summons and prior to the filing of the complaint, and service by plaintiff was therefore ineffective.

Absent valid service of process, the Court lacks personal jurisdiction over a defendant. *Id.* at 203; *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (court may not ordinarily exercise power over a party in the absence of service of process); *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998) ("failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant"). Absent personal jurisdiction over defendant, the Court cannot entertain plaintiff's request for preliminary injunction.[1]

## CONCLUSION

Accordingly, the Court holds that service on defendant in this matter fails to satisfy Rule 4 of the Federal Rules of Civil Procedure. Plaintiff is ORDERED to effect proper service on defendant within twenty-one days of the date of entry of this order or he shall be required to demonstrate why this action should not be dismissed for failure to prosecute. Further, as the Court lacks personal jurisdiction over defendant at this time, plaintiff's motion for preliminary injunction [DE 6] is DENIED WITHOUT PREJUDICE with permission to refile once proper service has been effected.

SO ORDERED, this 2 day of May, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Additionally, a court may not enter a preliminary injunction absent notice. Fed. R. Civ. P. 65(a)(1).