IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-15-BO

| | | |
|---|---|---|
| REINALDO OLAVARRIA | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LORI CHRISTIAN | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's amended return of service and plaintiff's motion for entry of default and default judgment. Because the docket does not reflect that proper service has been effected within 120 days of the filing of the complaint, this matter is dismissed in its entirety without prejudice.

## BACKGROUND

Plaintiff, who is proceeding *pro se*, filed this action on January 8, 2014, alleging claims for violations of his civil rights under the United States Constitution. Plaintiff alleges that defendant, a district court judge in Wake County, North Carolina, entered a temporary order in March 2013 which substantially impairs his rights.

Plaintiff filed a motion for preliminary injunction, which the Court denied without prejudice pending proof of proper service on defendant. In its order, the Court notified plaintiff that failure to effect proper service on defendant may result in dismissal of this action. In response to the Court's order, plaintiff has filed an amended return of service. Plaintiff has also moved for entry of default and default judgment against defendant.

DISCUSSION

Service of the complaint in this matter still fails to comply with Rule 4 of the Federal Rules of Civil Procedure. Rule 4(c) requires that the summons and complaint must be served in order to effect proper service, and service is only proper where duly issued summons and a properly filed complaint are served. *J.O. Alvarez, Inc. v. Rainbow Textiles, Inc.*, 168 F.R.D. 201, 202 (S.D.Tx. 1996). In plaintiff's amended return of service, a process server states that the actual date of service was January 9, 2014, and that personal service was made on defendant that day at the Wake County District Courthouse in Raleigh, North Carolina. [DE 10]. While such verification corrects one defect in service, others remain. First, the process server has not sworn as to what defendant was served with, only that defendant was personally served. In order for service to be effective, the summons and properly filed complaint must be served. Fed. R. Civ. P. 4(c). The only document mentioned in the process server's statement as having been served is the summons. Second, review of the summons issued in this matter reveals that it too was defective. The summons does not include the name of defendant in the section where the name and address of defendant are to be recited. Fed. R. Civ. P. 4(a)(1)(B) (a summons must be directed at the defendant).

Rule 4(m) provides that if proper service of the summons and complaint is not made upon a defendant within 120 days of the filing of the complaint, the Court must dismiss the action without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m). If the plaintiff demonstrates good cause for failing to effectuate proper service, the Court must extend the time for service for an appropriate period. *Id.* The Court has extended the time for plaintiff to effectuate proper service or demonstrate that proper service has been made and plaintiff has failed to do so. Nor has plaintiff, following notice from the court that such a

showing would be required, come forward with good cause for failing to make proper service within the specified time. "Pro se status . . . is insufficient to establish good cause, even where the pro se plaintiff mistakenly believes that service was made properly." *Hansan v. Fairfax Cnty. Sch. Bd.*, 405 F. App'x 793, 794 (4th Cir. 2010). Thus, the Court in its discretion declines to extend again the time to make service and finds that dismissal of this action without prejudice is appropriate.

## CONCLUSION

Accordingly, this action is DISMISSED in its entirety WITHOUT PREJUDICE. Plaintiff's motion for entry of default and default judgment are DENIED.

SO ORDERED, this **27** day of June, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3